# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                           Case No. 6:16-cr-49-Orl-37KRS

**VAUGHN MICHAEL NETH**
_____

## DETENTION ORDER

THIS CAUSE is before the Court upon the Defendant's Motion for a Bond Hearing, Doc. No. 34, which motion is **GRANTED**. A hearing was held on May 2, 2016, during which counsel for the parties proffered evidence. The United States moved to detain the Defendant pursuant to 18 U.S.C. § 3142(f)(1)(C). The Defendant is charged in an indictment with conspiracy to possess with intent to distribute 500 grams or more of cocaine and a substantive offense of possession with intent to distribute 500 grams of cocaine. These offenses each carry a maximum possible sentence of ten years or more. Because the grand jury found probable cause to believe that the Defendant committed the charged offenses, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure their appearance as required and the safety of the community. 18 U.S.C. § 3142(e). After conducting a hearing pursuant to § 3142(f), I find that no conditions or combination of conditions of release can reasonably protect the safety of the community.

The United States proffered that the Defendant was a shooting victim during a home invasion on October 2, 2015. When law enforcement responded to the location, they discovered a controlled substance in plain view. After obtaining a search warrant, law enforcement located ¾ of a kilogram of cocaine in the house and $300,000 in a safe. They also located security cameras at the house.

The security camera recordings showed that Defendant and his alleged co-defendant were mixing cocaine and selling cocaine and other controlled substances from the home during the ten days preceding the home invasion. The security camera recordings also showed that children were present during some of the drug sales and that children were present during the home invasion. Based on this proffer, the evidence regarding the events in October 2015 that underlie the allegations in the Indictment appears to be strong.

The Defendant proffered that he is buying the house where the home invasion occurred. He is employed. His employer appeared in Court, agreed to serve as a third-party custodian if the Defendant is released, and agreed that the Defendant could live with him if he was released. The Defendant has family ties to the community. He was previously arrested on state charges arising from the events of October 2015, released on bond, and he is not accused of violating the conditions of that bond during the time the state charges were pending. He offered to pledge his house as security for a bond.

The United States also presented evidence that the Defendant was on supervised release following a conviction in the Southern District of Florida for conspiring to possess with intent to distribute 500 grams or more of cocaine. *United States v. Neth*, No. 6:15-cr-5-Orl-22KRS, Doc. No. 4 (M.D. Fla. 2011). On April 15, 2016, Defendant filed a motion for early termination of his supervised release. He stated, among other things, that during his supervised release he had successfully completed a residential drug treatment program and after-care treatment and that he planned "to live a positive and successful life utilizing the tools he . . . learned from the programs he . . . successfully completed." *Id*. at 2. The Court granted the early termination motion on June 22, 2015. *Id.*, Doc. No. 7.

While Defendant's ties to the community may be sufficient to rebut the presumption of detention, the presumption remains a factor that the Court should consider in determining whether conditions of release can be set. *United States v. Quatermaine,* 913 F.2d 910, 916 (11th Cir. 1990)(Even if rebutted, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to factors listed in section 3142(g).'").

"Congress has determined that drug trafficking is a danger to the community." *United States v. Sanchez,* no. CR 08-00836(A) ABC, 2011 WL 744666, at * 3 (C.D. Calif. Feb. 23, 2011). However, the United States has the burden of showing by clear and convincing evidence that Defendant is likely to engage in drug trafficking if released on bond. I find it has met that burden in this case. While there is evidence that the Defendant was not accused of violating prior conditions of supervision, there is also evidence that, despite efforts at rehabilitation, the Defendant was found in his house with a large quantity of cocaine, and security recordings reflect, per the proffer of the United States, that the Defendant was dealing in cocaine not long after his early termination of supervised release. Additionally, unlike many of the cases cited by defense counsel, Defendant in this case has a criminal record beginning at age 19, which record includes convictions for drug trafficking offenses. His reported assets far exceed the amount he reportedly earned working as a vehicle transporter. This evidence, in light of the record as a whole, establishes by clear and convincing evidence that there are no conditions or combination of conditions of release I could set that would reasonably protect the safety of the community.

It is, therefore, **ORDERED** as follows:

(1) The Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which a Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** and **ORDERED** in Orlando, Florida on May 3, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Marshal
Counsel of Record